IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GULF SOUTH PIPELINE COMPANY, LP | § § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO. _____ |
| TX-WH-102.000: 431.9 ACRES, MORE OR LESS, in the Alexander Edgar League, Abstract Number 93, Wharton County, Texas; MICHAEL J. HERSHEY and JEFFREY M. HERSHEY; | § § § § § § § | |
| TX-WH-107.000: 802.25 ACRES, MORE OR LESS, in the Stephen F. Austin League No. 1, Abstract Number 4, Wharton County, Texas; TERRANCE J. HLAVINKA; KENNETH HLAVINKA; and JOSEPH C. HLAVINKA, JR.; and PROSPERITY BANK; | § § § § § § § § § | |
| TX-WH-108.500: 942.36 ACRES, MORE OR LESS, in the Stephen F. Austin League No. 1, Abstract Number 4, Wharton County, Texas; JOHN T. WYNN; and JOHN T. WYNN FAMILY TRUST; | § § § § § § § | |
| TX-WH-143.000: 3.78 ACRES MORE OR LESS, in the William Kincheloe League, Abstract Number 38, Wharton County, Texas; JAMES A. ATKINSON and VIRGINIA ATKINSON; and THE FIRST STATE BANK, LOUISE; | § § § § § § § § | |
| TX-WH-149.000: 29.9 ACRES, MORE OR LESS, in the William Kincheloe League, Abstract Number 38, Wharton County, Texas; DEBRA LYNN CHERRY, INDIVIDUALLY AND AS INDEPENDENT EXECUTRIX OF THE ESTATE OF JO ANN CHANCY MELTON; and | § § § § § § § § § | |

1

| | |
|---|---|
| MARSHA LOU MELTON WOOTEN; | § |
| | § |
| UNKNOWN OWNERS, | § |
| | § |
| *Defendants*. | § |

## COMPLAINT IN CONDEMNATION

### Nature of the Case

1.      Plaintiff Gulf South Pipeline Company, LP ("Gulf South"), pursuant to its power of eminent domain as authorized by Section 7h of the Natural Gas Act, 15 U.S.C. § 717f (h) and Federal Rule of Civil Procedure 71.1, files this action for: (i) the taking of certain interests in real property in the lands set forth above (the "Properties"); (ii) immediate entry and possession of the real property interests being taken; and (iii) the ascertainment and award of just compensation and damages to the Defendants named above (collectively the "Landowners") and any other interested parties.

### Jurisdiction and Venue

2.      This Court has original jurisdiction in this matter pursuant to 28 U.S.C. § 1331 and Section 7h of the Natural Gas Act, 15 U.S.C. § 717f (h) because: (a) Gulf South is the holder of a Certificate of Public Convenience and Necessity authorizing it to, among others things, construct and operate a new 66-mile long, 36-inch diameter pipeline extension to its existing interstate pipeline system within Wharton and Brazoria counties, Texas; (b) pursuant to certificates issued by the Federal Energy Regulatory Commission ("FERC"), Gulf South is authorized to engage in the transportation of natural gas in interstate commerce and is, therefore, a natural gas

2

company within the meaning of the Natural Gas Act, 15 U.S.C. Section 717 *et seq.*; (c) Gulf South, despite negotiation, has been unable to reach agreements with the Landowners as to compensation for the easements and other interests necessary for construction and operation of the pipeline extension; (d) the interests in real property that Gulf South seeks to take by this eminent domain proceeding are located within Wharton County, Texas; and (e) the value of each of the property interests to be taken exceeds $3,000.00 and/or the Landowners claim that the value of such interests exceeds $3,000.00. Gulf South has offered the Landowners for each of the Properties an amount equal to or greater than $3,000.00. These offers have not been accepted and/or the Landowners have claimed amounts in excess of $3,000.00.

3. Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391(b) and 15 U.S.C. § 717f (h) as the Properties are located in Wharton County, Texas.

## Parties

4. Gulf South is a limited partnership organized and existing under the laws of the state of Delaware and is duly authorized to do business in the states of Texas, Louisiana, Mississippi, Alabama, and Florida. Gulf South's principal place of business is 9 Greenway Plaza, Suite 2800, Houston, Texas 77046. Boardwalk Pipeline Partners, LP is the corporate parent of Gulf South. Gulf South is an interstate natural gas company as defined by Section 717a(6) of the Natural Gas Act, 15 U.S.C. § 717 *et seq.*, and as such, is qualified to construct, own, operate, and maintain pipelines for the transmission of natural gas and constituents thereof. Gulf South's authorization to

3

transport natural gas in interstate commerce is granted by and subject to the jurisdiction of FERC.

5.  The Defendants in this action are the Properties from which the easements sought herein are taken; the Landowners; all other individuals and entities known to possess interests in the Properties; and any unknown owners or other interested parties who may claim an interest in the Properties. The following list identifies each of the Properties by its Gulf South tract number and record legal description, the individual Defendants who Gulf South knows are record owners of or claim an interest in each of the Properties, and their service information:

   a. TX-WH-102.000: 431.9 ACRES, MORE OR LESS, in the Alexander Edgar League, Abstract Number 93, Wharton County, Texas, described by instrument recorded in Volume 877, Page 648 of the Official Records of Wharton County, Texas, and as more particularly depicted and described on Exhibit 1 hereto (the "Hershey Property"); MICHAEL J. HERSHEY and JEFFREY M. HERSHEY;

   - MICHAEL J. HERSHEY is a resident of Wharton County, Texas. MICHAEL J. HERSHEY may be served with notice at 9627 FM 1161, Egypt, Texas  77436.

   - JEFFREY M. HERSHEY is a resident of Travis County, TX. JEFFREY M. HERSHEY may be served with notice at 1504 W. 31st Street, Austin, Texas, 78703.

   b. TX-WH-107.000: 802.25 ACRES, MORE OR LESS, in the Stephen F. Austin League No. 1, Abstract Number 4, Wharton County, Texas, described by instrument recorded in Volume 175, Page 156 of the Deed Records of Wharton County, Texas, and as more particularly depicted and described in Exhibit 2 hereto (the "Hlavinka Property"); TERRANCE J. HLAVINKA; KENNETH HLAVINKA; and JOSEPH C. HLAVINKA, JR.; and PROSPERITY BANK;

- TERRANCE J. HLAVINKA is a resident of Wharton County, Texas. TERRANCE J. HLAVINKA may be served with notice at 467 Shannon Drive, East Bernard, Texas 77435.

- KENNETH HLAVINKA is a resident of Wharton County, Texas. KENNETH HLAVINKA may be served with notice at 17575 FM 1164, East Bernard, Texas 77435.

- JOSEPH C. HLAVINKA, JR. is a resident of Wharton County, Texas. JOSEPH C. HLAVINKA, JR. may be served with notice at 16315 FM 1164, East Bernard, Texas 77435.

- PROSPERITY BANK is a Texas State Financial Institution. PROSPERITY BANK may be served with notice by serving its registered agent, Charlotte M. Rasche, at 80 Sugar Creek Center Blvd., Sugar Land, Texas 77479.

c. TX-WH-108.500: 942.36 ACRES, MORE OR LESS, in the Stephen F. Austin League No. 1, Abstract Number 4, Wharton County, Texas, described by instrument recorded in Volume 146, Page 378 of the Deed Records of Wharton County, Texas; by instrument recorded in Volume 89, Page 385 of the Deed Records of Wharton County, Texas; by instrument recorded in Volume 145, Page 353 of the Deed Records of Wharton County, Texas; and by instrument recorded in Volume 89, Page 385 of the Deed Records of Wharton County, Texas, and as more particularly depicted and described on Exhibit 3 hereto (the "Wynn Property"); JOHN T. WYNN; and JOHN T. WYNN FAMILY TRUSTS;

- JOHN T. WYNN is a resident of Wharton County, Texas. JOHN T. WYNN may be served with notice at 10707 FM 1161, Egypt, Texas 77436.

- John T. Wynn Family Trusts is a trust organized under the laws of Texas and established under the will of Ednamaye R. Merriweather, Deceased, and may be served by with notice serving its trustee, John T. Wynn, 10707 FM 1161, Egypt, Texas 77436

d. TX-WH-143.000: 3.78 ACRES MORE OR LESS in the William Kincheloe League, Abstract Number 38, Wharton County, Texas, described by instrument recorded in Volume 971, Page 898 of the Official Records of Wharton County, Texas, and as more particularly depicted in Exhibit 4 hereto (the "Atkinson Property"); JAMES A. ATKINSON and VIRGINIA ATKINSON and THE FIRST STATE BANK, LOUISE;

5

- JAMES A. ATKINSON and VIRGINIA ATKINSON are residents of McLennan County, Texas. JAMES A. ATKINSON and VIRGINIA ATKINSON may be served with notice at 735 Vista Grand Loop, Lorena, Texas 76655.

- THE FIRST STATE BANK, LOUISE is a Texas State Bank. THE FIRST STATE BANK, LOUISE, may be served with notice by serving its president or its branch manager at its headquarters, 206 North St., Louise, Wharton County, Texas 77455.

e. TX-WH-149.000: 29.9 ACRES, MORE OR LESS, in the William Kincheloe League, Abstract Number 38, Wharton County, Texas, described by instrument recorded in Volume 470, Page 151 of the Official Records of Wharton County, Texas, and as more particularly depicted and described on Exhibit 5 hereto (the "Melton Property"); DEBRA LYNNE CHERRY, INDIVIDUALLY AND AS INDEPENDENT EXECUTRIX OF THE ESTATE OF JO ANN CHANCY MELTON and MARSHA LOU MELTON WOOTEN;

- DEBRA LYNNE CHERRY, INDIVIDUALLY AND AS INDEPENDENT EXECUTRIX OF THE ESTATE OF JO ANN CHANCY MELTON is a resident of Wayne County, North Carolina. DEBRA LYNN CHERRY may be served with notice at 102 Amy Court, Goldsboro, North Carolina 27534.

- MARSHA LOU MELTON WOOTEN is a resident of Wharton County, Texas. MARSHA LOU MELTON WOOTEN may be served with notice at 2524 Nelga Road, Wharton, Texas 77488.

6. There may be other persons who have or claim an interest in the Properties to be condemned whose names are unknown to Gulf South because they could not be ascertained by diligent inquiry. These persons have been made parties to this action as Unknown Owners as permitted by Federal Rule of Civil Procedure 71.1(c)(3), and are being served with notice by publication pursuant to Federal Rule of Civil Procedure 71.1(d)(3)(B).

7. Attached to this Complaint as Exhibits 1-5 are Gulf South's certified easement plats and legal descriptions for the corresponding Properties subject to condemnation, which show the portion of the Properties subject to condemnation and the route and location of the easements sought on each of the Properties, including the extent and location of the permanent easements, temporary workspaces, temporary access roads, permanent access roads, and surface site easements, as applicable to each of the Properties. *See* Exhibits 1-5.

## Facts and Relief Requested

8. Gulf South is in the business of transporting natural gas in interstate commerce pursuant to authorization granted by FERC. As such, Gulf South is subject to the jurisdiction of FERC.

9. Gulf South currently owns and operates approximately 7,240 miles of interstate pipeline facilities extending from south and east Texas through Louisiana, Mississippi, southern Alabama, and western Florida.

10. On June 20, 2016, FERC issued to Gulf South a Certificate of Public Convenience and Necessity (the "FERC Certificate") authorizing Gulf South to construct and operate two new compressor stations and to expand a third on its existing Index 129 system in Fort Bend, Harris, Polk, and Sabine Counties, Texas, and to construct and operate a new 66-mile-long, 36-inch-diameter pipeline lateral (the "Pipeline") and new compressor station in Wharton and Brazoria Counties, Texas. The project, known as the "Coastal Bend Header Project," will enable Gulf South to transport up to 1.42 billion cubic feet per day of natural gas to Freeport LNG

7

Development, LP's liquefaction and export terminal on Quintana Island in Brazoria County, Texas. A copy of the FERC Certificate is attached as Exhibit 6. A copy of Gulf South's letter to FERC in which it accepted the terms of the Certificate is attached as Exhibit 7.

11. The FERC Certificate requires the Coastal Bend Header Project facilities, including the Pipeline, to be in-service by June 20, 2018. *See* Exhibit 6 at p.40. Gulf South's contractual agreements with shippers on the Coastal Bend Header Project require the facilities to be in service by February 1, 2018.

12. Gulf South has scheduled commencement of construction work on the Pipeline for January, 2017. Gulf South *must* begin construction work by January, 2017, to ensure compliance with FERC's construction schedule, completion of the project within FERC and the shippers' deadlines, adherence to environmental regulations,[1] and an adequate supply of construction labor, for which Gulf South must contract months in advance of project initiation.

13. In order to timely construct, operate and maintain the Pipeline, as approved by FERC, it is necessary that Gulf South have and obtain a permanent easement and right of way along the route and location over, through, upon, under, and across the Properties (the "Permanent Easements"), as well as the temporary workspaces ("Temporary Workspaces"), surface site easement ("Surface Site"), temporary access

---

[1] In this case, for instance, FERC has required Gulf South to develop a Migratory Bird Conservation Plan (the "Plan") to minimize the Coastal Bend Header project's effects on riparian, wetland, and upland areas that provide habitat to migratory birds during the nesting season that extends from April 1 to August 15. Under the Plan, Gulf South is required to complete all tree-clearing activities necessary for pipeline construction by April 1, 2017. Tree clearing activities in compliance with the Plan are required on the Hershey Property and the Wynn Property.

roads ("Temporary Access Roads") and permanent access roads ("Permanent Access Roads") as are more definitely depicted and described on <u>Exhibits 1</u>-5, the terms of which are described in more detail below. The Permanent Easements, Temporary Workspaces, Surface Site, Temporary Access Roads, and Permanent Access Roads will hereafter be collectively referred to as the "Easements". Gulf South has reached voluntary agreements with many landowners for acquisition of the necessary Easements in Wharton County, Texas, but has been unable to reach voluntary agreements with the Landowners and Properties named herein for the Easements despite good faith and bona fide efforts.

14. Specifically, Gulf South seeks to acquire the rights and interests set forth herein in the Properties:

   a. **Hershey Property (TX-WH-102.000)**

      (i)   Permanent Easement:           4.20 acres

      (ii)  Temporary Workspace:          6.18 acres

      (iii) Permanent Access Road         2.64 acres

   b. **Hlavinka Property (TX-WH-107.000)**

      (i)   Temporary Workspace:          0.31 acres

      (ii)  Surface Site:                 2.52 acres

   c. **Wynn Family Trust Property (TX-WH-108.500)**

      (i)   Permanent Easement:           6.29 acres

      (ii)  Temporary Workspace:          10.11 acres

      (iii) Permanent Access Road:        2.18 acres

9

    (iv)  Temporary Access Road:    2.24

  **d.**  **Atkinson Property (WH-143.000)**

    (i)  Permanent Easement:    0.50 acres

  **e.**  **Melton Property (WH-149.000)**

    (i)  Permanent Easement:    0.03 acres

15. The Easements are sought for, necessary for, and to be used for the purposes of constructing, reconstructing, renewing, operating, maintaining, protecting, inspecting, repairing, changing the size of, abandoning-in-place, removing and/or relaying one pipeline, not to exceed 36 inches nominal diameter, and conduit(s) for the transmission of communication signals related to the aforementioned uses, together with such valves, pipes, fittings, meters, corrosion control devices, wires, cables and other equipment and appurtenances (collectively the "Facilities"), as may be necessary or convenient for the transportation of natural gas and its constituents, for the protection of said Facilities, or for the maintenance of the Easements. The Permanent Easements shall be approximately 50 feet in width, located as depicted and described in Exhibits 1, and 3-5. The Surface Site is located and sized as depicted in Exhibit 2. The Temporary Workspaces are located and sized as depicted and described in Exhibits 1-3. The Temporary Access Road is located and sized as depicted and described in Exhibit 3. The Permanent Access Roads are located and sized as depicted and described in Exhibits 1 and 3. Gulf South seeks the use of the Permanent Easements, Surface Site, and Permanent Access Roads for the purposes set forth herein until such time as Gulf South releases it rights. Gulf South

seeks the use of the Temporary Workspaces and Temporary Access Roads only during construction of the Facilities and any periods of restoration work, anticipated not to exceed June 30, 2018. After Gulf South has completed its construction of the Facilities and any restoration work, Gulf South's interest in the Temporary Workspaces and Temporary Access Roads will revert to the Landowners. Gulf South may select the location of its Facilities within the Permanent Easements and Surface Site.

16. The Permanent Easements and Surface Site include a permanent right of ingress, egress, entry and access in, to, through, on, over, under, and across the Permanent Easements and Surface Site: (i) where the same intersect the boundaries of the Properties or any public road, public easement, or easements held by Gulf South on other property contiguous to the Permanent Easements and Surface Site; or, for the Hershey and Wynn Properties (ii) by use of the Permanent Access Roads depicted and described on Exhibits 1 and 3, for any and all purposes necessary and/or incident to the rights sought hereunder. During construction of the Facilities and any period of restoration, these same rights of ingress, egress, entry and access shall also apply to the Temporary Workspaces on the Hershey, Hlavinka and Wynn Properties. During construction of the Facilities and any period of restoration, Gulf South shall also have the right of ingress, egress, entry and access in, to, through, on, over, under, and across the Permanent Easements and Temporary Workspaces on the Wynn Property by use of the Temporary Access Road depicted and described on Exhibit 3, for any and all purposes necessary and/or incident to Gulf South's construction of the

11

Facilities or restoration work. Gulf South may construct roads or improve existing roads within either the Permanent Access Roads or Temporary Access Roads easement areas. Gulf South shall repair any damage to roads caused by Gulf South.

17.   The Landowners shall retain the right to fully use and enjoy the Permanent Easements and Permanent Access Roads (including, but not limited to, the cultivation of crops within the area of the Permanent Easements) except to the extent such uses interfere with the rights of Gulf South. Landowners shall not build, create or construct, nor allow to be built, created or constructed, any obstruction (including, but not limited to, impounded water[2]), building, improvement or other structure within the Permanent Easements or Permanent Access Roads, nor shall the Landowners place, nor allow to be placed, any trees or debris on the Permanent Easements or Permanent Access Roads, nor reduce the depth of the cover of the ground over the Facilities. Gulf South shall have the right to clear and keep the Easements cleared of trees, shrubs, brush, or other debris during their term.

18.   The surface of the Permanent Easements and Temporary Workspaces will be filled, leveled, and graded after the original construction of the Facilities is completed, so as to restore the surface as nearly as practicable to its original level, grade, drainage and condition.

19.   With regard to the Surface Site on the Hlavinka Property, Gulf South shall also have the right to install, construct, maintain, operate, inspect, repair, alter, change

---

[2] Gulf South does not seek to classify normal agricultural field flooding for the cultivation of rice as involving the impoundment of water.

the size of, replace, abandon-in-place, relocate and remove Facilities including natural gas metering and regulating facilities, pipeline interconnects, valve sites, pig launchers, and any and all appliances, appurtenances, fixtures and equipment related thereto, whether above or below ground, including, but not limited to, separators, heaters, pipeline(s), headers, valves, blow offs, fittings, and the housing(s) for same, fences, structures, electric line(s), communications line(s), communications towers, and related equipment necessary or desirable in connection with or incidental to the transportation of natural gas or its constituents. Gulf South and its permitted users shall have the exclusive use of the surface of the Surface Site, and shall have the right to erect and maintain a fence or fences upon and around the Surface Site or any portion thereof. Gulf South shall also have the right to allow other parties to operate and maintain Facilities within the Surface Site, and to access the Surface Site by way of any Permanent Easements or Permanent Access Roads adjoining the Surface Site. Gulf South may change the level and grade of the Surface Site.

20. Gulf South is acquiring the right to cathodically protect its Facilities within the boundaries of the Permanent Easements and Surface Site, and to place pipeline markers, vents, and cathodic protection test leads and other corrosion control devices above the ground within the Permanent Easements and Surface Sites. Gulf South will have no other aboveground Facilities within the Permanent Easements, but may construct aboveground Facilities (including fencing) within the Surface Site on the Hlavinka Property. Gulf South shall have no right to fence off or enclose the Permanent Easements.

21. Landowners shall have the right to install and maintain cross-fences across, but not along and within, the Permanent Easements and Permanent Access Roads at angles greater than forty-five degrees, provided that such fences do not interfere with or threaten the Facilities, and provided further that Gulf South reserves the right to install gates within fences located within the Permanent Easements or Permanent Access Roads. In the event it becomes necessary for Gulf South to cut any fences within the Easements, before cutting such fences Gulf South shall first set brace posts and attach the existing fencing to such brace posts. In that event, Gulf South shall use wire gaps or temporary gates to prevent cattle or livestock from entering or leaving the Properties. After completion of construction activities, Gulf South will remove the wire gaps or temporary gates, and restore the fencing to at least as good condition as the same were in, as near as practical.

22. Gulf South does not seek to acquire, but reserves to Landowners, all oil, gas, and other minerals in, on and under the Easements; provided that Landowners shall not be entitled to drill, explore, or excavate for minerals on the surface of the Easements during their term, but will be permitted to extract oil, gas and other minerals from under the Easements by directional drilling or other means so long as such activities do not damage, endanger, disturb, injure and/or interfere with Gulf South's use of the Easements.

23. Gulf South shall have the right to assign the Easements, in whole or in part, subject to any applicable regulatory approval.

24.     It is in the public interest and necessity that the Easements depicted and described in <u>Exhibits 1-5</u> be acquired, and, given the parties inability to reach mutually agreeable terms of acquisition, the Easements must be acquired via condemnation.

25.     Gulf South requests confirmation of its authority to exercise eminent domain and the right for immediate possession of and access to the Easements to complete the Coastal Bend Header Project as approved by FERC and described herein.

26.     Gulf South has negotiated with the Landowners in good faith and made bona fide offers to acquire the Easements, but has been unable to obtain such rights by contract, or to agree with the Landowners upon the just compensation to be paid.

27.     Pursuant to the authority granted to it by the Natural Gas Act, 15 U.S.C. § 717f(h), Gulf South now seeks to take by eminent domain the Easements depicted and described on <u>Exhibits 1-5</u> and described herein.

28.     Gulf South requests a trial for the purpose of determining just compensation pursuant to Federal Rule of Civil Procedure 71.1(h).

29.     Pursuant to Federal Rule of Civil Procedure 71.1(d)(3)(B), Gulf South requests authorization to serve any of the Unknown Owners by publication.

30.     Pursuant to Federal Rule of Civil Procedure 71.1(d), the requisite notices to the Defendants are attached hereto and submitted to the clerk of court.

**WHEREFORE**, Gulf South respectfully requests that this Court:

1. Deem the notices submitted herewith pursuant to Federal Rule of Civil Procedure 71.1(d), to be good and sufficient;

2. Enter judgment condemning the property interests set forth in this Complaint and the exhibits attached hereto;

3. Enter an order confirming Gulf South's authority to exercise eminent domain;

4. Enter an order awarding Gulf South immediate possession of access to the property interests subject to this action;

5. After awarding Gulf South immediate possession, determine the just compensation to be paid by Gulf South to each of the Landowners for the property interests subject to this action;

6. Enter judgment, providing that upon deposit into the Court's registry by Gulf South of the amount of just compensation determined in this action, ownership and title of the Easements shall vest in Gulf South, free and clear of all liens and encumbrances and other charges of whatsoever nature and free and clear of all right, title, and interest of the Defendants; and

7. Order such further and other relief as Gulf South may be entitled to as a matter of equity or law.

Respectfully submitted,

**GULF SOUTH PIPELINE COMPANY, LP**
By Counsel

/s/ J. Robin Lindley
J. Robin Lindley (State Bar No. 12366100)
Andrew C. Wright (State Bar No. 24063077)

**BUCK KEENAN LLP**
2229 San Felipe, Suite 1000
Houston, Texas 77019
(713) 225-4500
(713) 225-3719 (fax)
lindley@buckkeenan.com
wright@buckkeenan.com

*Counsel for Gulf South Pipeline Company, LP*