IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GULF SOUTH PIPELINE COMPANY, LP, <br>     Plaintiff, <br><br> v. <br><br> TX-WH-102.000:431.9 ACRES, MORE OR LESS, in the Alexander Edgar League, Abstract Number 93, Wharton County, Texas; MICHAEL J. HERSHEY and JEFFREY M. HERSHEY; <br><br> TX-WH-107.000: 802.25 ACRES, MORE OR LESS, in the Stephen F. Austin League No. 1, Abstract Number 4, Wharton County, Texas; TERRANCE J. HLAVINKA; KENNETH HLAVINKA; and JOSEPH C. HLAVINKA, JR.; and PROSPERITY BANK; <br><br> TX-WH-108.500: 942.36 ACRES, MORE OR LESS, in the Stephen F. Austin League No. 1, Abstract Number 4, Wharton County, Texas; JOHN T. WYNN; and JOHN T. WYNN FAMILY TRUST; <br><br> TX-WH-143.000: 3.78 ACRES, MORE OR LESS, in the William Kincheloe League, Abstract Number 38, Wharton County, Texas; JAMES A. ATKINSON and VIRGINIA ATKINSON; and THE FIRST STATE BANK, LOUISE; <br><br> TX-WH-149.000: 29.9 ACRES, MORE OR LESS, in the William Kincheloe League, Abstract Number 38, Wharton County, Texas; DEBRA LYNN CHERRY, INDIVIDUALLY AND AS INDEPENDENT EXECUTRIX OF THE ESTATE OF JO ANN CHANCY | CIVIL ACTION NO. 4:16-cv-02459 |

1

| | |
|---|---|
| MELTON; and MARSHA LOU MELTON WOOTEN; and | § § § |
| UNKNOWN OTHERS,<br>    Defendants. | § § § |

**DEFENDANTS JOHN T. WYNN AND JOHN T. WYNN FAMILY TRUST'S ANSWER, OBJECTIONS AND DEMAND FOR JURY TRIAL**

Defendants John T. Wynn and John T. Wynn Family Trust ("the Wynn Defendants") hereby file this Answer, Objections, and Demand for Jury Trial.

**ANSWER**

1. The Wynn Defendants deny that Plaintiff Gulf South Pipeline Company, LP ("Gulf South") has the power to take the Wynn Defendants' property pursuant to 15 U.S.C. §717f(h). The Wynn Defendants also deny that Gulf South has a right to immediate entry and possession of the Wynn Defendants' property.

2. The Wynn Defendants deny that this Court has original jurisdiction in this matter under 15 U.S.C. §717f(h). The Wynn Defendants deny that Gulf South holds a valid Certificate of Public Convenience and Necessity from the Federal Energy Regulatory Commission ("FERC"). The Wynn Defendants lack sufficient knowledge to admit or deny that Gulf South is a natural gas company within the meaning of the Natural Gas Act, 15 U.S.C. Section 717 *et seq*. The Wynn Defendants deny that they have made a claim for any specific amount of monetary compensation. The Wynn Defendants admit the remaining allegations in paragraph 2 of the Complaint.

3. The Wynn Defendants admit that venue would be proper in this Court if the Court had jurisdiction over this matter, but the Wynn Defendants deny that the Court has jurisdiction over this matter.

4. The Wynn Defendants lack sufficient information to admit or deny the allegations

in paragraph 4 of the Complaint.

5. The Wynn Defendants lack sufficient information to admit or deny the allegations in paragraph 5 of the Complaint.

6. The Wynn Defendants lack sufficient information to admit or deny the allegations in paragraph 6 of the Complaint.

7. The Wynn Defendants are not required to respond to paragraph 7 of the Complaint.

8. The Wynn Defendants lack sufficient information to admit or deny the allegations in paragraph 8 of the Complaint.

9. The Wynn Defendants lack sufficient information to admit or deny the allegations in paragraph 9 of the Complaint.

10. The Wynn Defendants admit that on June 20, 2016, FERC issued what appears to be a Certificate of Public Convenience and Necessity (the "Certificate") to Gulf South. The Wynn Defendants deny, however, that FERC had the jurisdiction to do so. The Wynn Defendants lack sufficient information to admit or deny the other allegations in paragraph 10 of the Complaint.

11. The Wynn Defendants lack sufficient information to admit or deny the allegations in paragraph 11 of the Complaint.

12. The Wynn Defendants lack sufficient information to admit or deny the allegations in paragraph 12 of the Complaint.

13. The Wynn Defendants lack sufficient information to admit or deny the allegations in paragraph 13 of the Complaint.

14. The Wynn Defendants lack sufficient information to admit or deny the allegations in paragraph 14 of the Complaint.

15. The Wynn Defendants lack sufficient information to admit or deny the allegations in paragraph 15 of the Complaint.

16. The Wynn Defendants lack sufficient information to admit or deny the allegations in paragraph 16 of the Complaint.

17. The Wynn Defendants lack sufficient information to admit or deny the allegations in paragraph 17 of the Complaint.

18. The Wynn Defendants lack sufficient information to admit or deny the allegations in paragraph 18 of the Complaint.

19. The Wynn Defendants lack sufficient information to admit or deny the allegations in paragraph 19 of the Complaint.

20. The Wynn Defendants lack sufficient information to admit or deny the allegations in paragraph 20 of the Complaint.

21. The Wynn Defendants lack sufficient information to admit or deny the allegations in paragraph 21 of the Complaint.

22. The Wynn Defendants are not required to respond to paragraph 22 of the Complaint.

23. The Wynn Defendants are not required to respond to paragraph 23 of the Complaint.

24. The Wynn Defendants deny the allegations in paragraph 24 of the Complaint.

25. The Wynn Defendants are not required to respond to paragraph 25 of the Complaint.

26. The Wynn Defendants deny that Gulf South has negotiated in good faith and

made bona fide offers to acquire the easements it seeks ("the Easements"). The Wynn Defendants admit that Gulf South has been unable to obtain easement rights by contract or to agree with the Wynn Defendants on just compensation.

27. The Wynn Defendants are not required to respond to paragraph 27 of the Complaint.

28. The Wynn Defendants are not required to respond to paragraph 28 of the Complaint.

29. The Wynn Defendants are not required to respond to paragraph 29 of the Complaint.

30. The Wynn Defendants are not required to respond to paragraph 30 of the Complaint.

**OBJECTIONS TO REQUESTED RELIEF**

31. The Wynn Defendants object to a judgment condemning the property interests set forth in the Complaint, as the Court lacks jurisdiction over this matter and therefore cannot enter a valid judgment.

32. The Wynn Defendants object to an order confirming Gulf South's authority to exercise eminent domain, as the Court lacks jurisdiction over this matter and therefore cannot issue a valid order.

33. The Wynn Defendants object to an order awarding Gulf South immediate possession of access to the property interests subject to this action, as (1) the Court lacks jurisdiction over this matter and therefore cannot issue a valid order and (2) Gulf South has not been delegated such authority by the United States Congress within the Natural Gas Act (15

U.S.C. §§ 717 *et seq.*).

34.     The Wynn Defendants object to the Court determining just compensation, as the Court lacks jurisdiction over this matter and therefore cannot make such a determination.[1]

35.     The Wynn Defendants object to a judgment vesting title in the Easements to Gulf South, as (1) Gulf South has no right to take such title and (2) the Court lacks jurisdiction over this matter and therefore cannot enter a valid judgment.

36.     The Wynn Defendants object to Gulf South being granted any other or further relief in this Court, whether in law or equity, as the Court lacks jurisdiction over this matter and therefore has no authority to grant any relief whatsoever to Gulf South.

37.     The Wynn Defendants reserve objections as to any further relief sought by Gulf South.

**AFFIRMATIVE DEFENSES**

38.      The Court lacks subject-matter jurisdiction over this case because the case falls under the carve-out for "Hinshaw Pipelines" in 15 U.S.C. §717(c). Specifically, it is clear from the face of the Certificate that Gulf South seeks to build natural-gas infrastructure that falls under 15 U.S.C. §717(c)—which means that the infrastructure is not subject to federal jurisdiction.

39.     The Court also lacks subject-matter jurisdiction over this case because the Wynn Defendants have not claimed entitlement to any specific amount of just compensation. *See* 15 U.S.C. §717f(h) ("the United States district courts shall only have jurisdiction of cases when the

---

[1] The Wynn Defendants object to the application of the federal standard of "just compensation" in the Fifth Amendment to the United States Constitution for a taking by a private natural gas transmission company pursuant to FED. R. CIV. P. 71.1. Plaintiff is not the federal government, but is instead a private, for-profit natural gas transmission company. As such, because the Court is to apply the substantive law of the state containing the property taken, the Wynn Defendants are entitled to application of the state standard of "adequate compensation" pursuant to the Texas Constitution. *See* 15 U.S.C. §717f(h).

amount claimed by the owner of the property to be condemned exceeds $3,000."). The Wynn Defendants have not had their property appraised in relation to the rights that Gulf South seeks to take.

40. The Wynn Defendants request that, if the Court does render a judgment or decree, the Court only allow a taking of the quality and quantity of estate necessary to accomplish the public purpose set forth in the Complaint with respect to the rights sought by Gulf South. To this end, the Wynn Defendants request additional opportunity for discovery before any adjudication of their property rights and/or Gulf South's right to take their property.

### DEMAND FOR ADEQUATE COMPENSATION AND STATE PROCEDURAL PROTECTIONS

41. Because Gulf South is a private natural-gas transmission company, "the practice and procedure in [this action] . . . shall conform as nearly as may be with the practice and procedure in similar action or proceeding in the courts of the State where the property is situated." 15 U.S.C. §717f(h). Accordingly, the Wynn Defendants are entitled to application of the state standard of "adequate compensation" pursuant to Article I, §17 of the Texas Constitution. The Wynn Defendants are also entitled to the procedural protections laid out in Chapter 21 of the Texas Property Code, including recovery under Texas Property Code §21.019 in the event that this lawsuit is dismissed for lack of jurisdiction.

### DEMAND FOR JURY TRIAL

42. If the Court does not dismiss this case for lack of jurisdiction, then, pursuant to Federal Rule of Civil Procedure 71.1(h)(1)(B), the Wynn Defendants demand a jury trial on all issues and respectfully ask the Court to empanel a jury pursuant to state substantive law.

Respectfully submitted,

　　/s/ Zev Kusin
Zev Kusin
Texas Bar No. 24070096
Southern District ID. No. 1636769
zkusin@jmehlaw.com
Justin Hodge
Texas Bar No. 24036791
Southern District ID No. 35824
jhodge@jmehlaw.com
Luke Ellis
Texas Bar No. 24038878
Southern District admission pending
lellis@jmehlaw.com
JOHNS MARRS ELLIS & HODGE LLP
805 West 10th Street, Suite 400
Austin, Texas 78701
512-215-4078
512-628-7169 fax

**ATTORNEYS FOR JOHN T. WYNN and JOHN T. WYNN FAMILY TRUST**

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of September, 2016, a true and correct copy of the foregoing was sent to the following by email and CM/ECF:

J. Robin Lindley
Buck Keenan LLP
2229 San Felipe, Suite 1000
Houston, Texas 77019
Main: 713-225-4500
Direct: 713-546-2430
Fax: 713-225-3719
*lindley@buckkeenan.com*

                                            /s/ Zev Kusin
                                            Zev Kusin