IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GULF SOUTH PIPELINE COMPANY, LP | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:16-cv-02459 |
| MICHAEL J. HERSHEY AND JEFFREY M. HERSHEY, ET AL | § § § § | |
| Defendants. | | |

Defendant J. Michael Hershey's Answer, Objections, Affirmative Defenses, and Jury Demand

Defendant J. Michael Hershey ("Hershey") files this Answer, Objections, Affirmative Defenses, and Jury Demand.

Answer

1.  Hershey denies that plaintiff Gulf South Pipeline Company, LP ("Gulf South") has the power to take certain interests in real property under 15 U.S.C. § 717f(h). Hershey also denies that Gulf South has a right to immediate entry and possession of the real property interests being taken.

2.  Hershey denies that this Court has original jurisdiction in this matter under 28 U.S.C. § 1331 and 15 U.S.C. § 717f(h). Hershey also denies that Gulf South holds a valid Certificate of Public Convenience and Necessity from the Federal Energy Regulatory Commission ("FERC"). Hershey does not have sufficient knowledge to admit or deny that Gulf South is a natural gas company under the Natural Gas Act, 15 U.S.C. § 717 et seq. Hershey denies that he has claimed a value of any amount of compensation for his interests at this time. Hershey admits the remaining allegations in paragraph 2 of the Complaint.

3. Hershey admits that he and Jeffrey M. Hershey own real property in fee simple, TX-WH-102.000, 431.9 acres, more or less, in the Alexander Edgar League, Abstract Number 93, in Wharton County, Texas ("the Hershey Property"), which is located in this district. Hershey admits that if the Court had jurisdiction over this matter, venue would be proper in this Court. Hershey denies that the Court has jurisdiction.

4. Hershey does not have sufficient information to admit or deny the allegations in paragraph 4 of the Complaint. Hershey calls for strict proof of those allegations.

5. Hershey admits that he and Jeffrey M. Hershey own the Hershey Property, which is located in this district. Hershey does not have sufficient information to admit or deny the remaining allegations in paragraph 5 of the Complaint, and calls for strict proof of those allegations. As for the Exhibits attached by Gulf South and referenced in paragraph 5, the documents they contain speak for themselves, and Hershey does not admit or deny the accuracy of any information they contain.

6. Hershey does not have sufficient information to admit or deny the allegations in paragraph 6 of the Complaint, and calls for strict proof of those allegations.

7. Hershey is not required to respond to paragraph 7 of the Complaint, and calls for strict proof of those allegations. As for the Exhibits attached by Gulf South and referenced in paragraph 7, the documents they contain speak for themselves, but Hershey does not admit the accuracy of any information they contain.

8. Hershey does not have sufficient information to admit or deny the allegations in paragraph 8 of the Complaint, and calls for strict proof of those allegations.

9. Hershey does not have sufficient information to admit or deny the allegations in paragraph 9 of the Complaint, and calls for strict proof of those allegations.

10. Hershey admits that on June 20, 2016, FERC issued what appears to be a Certificate of Public Convenience and Necessity (the "Certificate") to Gulf South. Hershey denies that FERC had the jurisdiction or authority to issue the Certificate to Gulf South. Hershey also does not have sufficient information to admit or deny the other allegations in paragraph 10 of the Complaint, and calls for strict proof of those allegations. As for the Exhibits attached by Gulf South and referenced in paragraph 10, the documents they contain speak for themselves. Hershey does not admit the accuracy of any information contained in the referenced Exhibits.

11. Hershey does not have sufficient information to admit or deny the allegations in paragraph 11 of the Complaint, and calls for strict proof of those allegations.

12. Hershey does not have sufficient information to admit or deny the allegations in paragraph 12 of the Complaint, and calls for strict proof of those allegations.

13. Hershey does not have sufficient information to admit or deny the allegations in paragraph 13 of the Complaint, and calls for strict proof of those allegations.

14. Hershey does not have sufficient information to admit or deny the allegations in paragraph 14 of the Complaint, and calls for strict proof of those allegations.

15. Hershey does not have sufficient information to admit or deny the allegations in paragraph 15 of the Complaint, and calls for strict proof of those allegations. As for the Exhibits attached by Gulf South and referenced in paragraph 15, the documents in those Exhibits speak for themselves. Hershey does not admit the accuracy of any information they contain.

16. Hershey does not have sufficient information to admit or deny the allegations in paragraph 16 of the Complaint, and calls for strict proof of those allegations.

17. Hershey does not have sufficient information to admit or deny the allegations in paragraph 17 of the Complaint, and calls for strict proof of those allegations.

18. Hershey does not have sufficient information to admit or deny the allegations in paragraph 18 of the Complaint, and calls for strict proof of those allegations.

19. Hershey does not have sufficient information to admit or deny the allegations in paragraph 19 of the Complaint, and calls for strict proof of those allegations.

20. Hershey does not have sufficient information to admit or deny the allegations in paragraph 20 of the Complaint, and calls for strict proof of those allegations.

21. Hershey does not have sufficient information to admit or deny the allegations in paragraph 21 of the Complaint, and calls for strict proof of those allegations.

22. Hershey does not have sufficient information to admit or deny the allegations in paragraph 22 of the Complaint, and calls for strict proof of those allegations.

23. Hershey does not have sufficient information to admit or deny the allegations in paragraph 23 of the Complaint, and calls for strict proof of those allegations.

24. Hershey does not have sufficient information to admit or deny the allegations in paragraph 24 of the Complaint, and calls for strict proof of those allegations. As for the Exhibits attached by Gulf South and referenced in paragraph 24, the documents contained in those Exhibits speak for themselves. Hershey does not admit the accuracy of any information contained in Gulf South's Exhibits.

25. Hershey does not have sufficient information to admit or deny the allegations in paragraph 25 of the Complaint, and calls for strict proof of those allegations.

26. Hershey denies that Gulf South has negotiated in good faith and made bona fide offers to acquire the easement it seeks. Hershey admits that Gulf South has been unable to obtain easement rights by contract or to agree with Hershey on an amount of just compensation.

27. Hershey denies that Gulf South has been granted proper authority under the Natural Gas Act, 15 U.S.C. § 717 *et seq.*, to exercise the right of eminent domain and take the Hershey Property.

28. Hershey is not required to respond to paragraphs 28, 29, or 30 of the Complaint.

## Objections

29. Hershey objects to a judgment condemning the property interests set forth in the Complaint because the Court lacks jurisdiction and therefore cannot enter a valid judgment.

30. Hershey objects to an order confirming Gulf South's authority to exercise eminent domain because the Court lacks jurisdiction and therefore cannot issue a valid order.

31. Hershey objects to these condemnation proceedings until FERC has resolved all objections relating to the Hershey Property.

32. Hershey objects to the proposed condemnation to the extent it seeks to acquire property rights which are inconsistent with or outside the terms of the Certificate.

33. Hershey objects to an order awarding Gulf South immediate possession of access to the Hershey Property because (1) the Court lacks jurisdiction and therefore cannot issue a valid order and (2) Congress did not delegate such authority to Gulf South under the Natural Gas Act, 15 U.S.C. § 717 *et seq.*

34. Hershey objects to the Court determining just compensation because the Court lacks jurisdiction and therefore cannot make such a determination.

35. Hershey objects to a judgment vesting title in the easements to Gulf South because (1) Gulf South has no right to take title; and (2) the Court lacks jurisdiction and therefore cannot enter a valid judgment.

36. Hershey objects to the application of the federal standard of "just compensation" under the Fifth Amendment because Gulf South is not the federal government, but instead is a private natural gas transmission company. As a result, Hershey is entitled to application of the state standard of "adequate compensation" under the Texas Constitution. *See* 15 U.S.C. § 717f(h) (Whether brought in federal or state court, "the practice and procedure... shall conform as nearly as may be with the practice and procedure in similar action or proceeding in the courts of the State where the property is situated."); Tex. Const. art. 1, §17.

37. Hershey objects to Gulf South being granted any other or further relief in this Court, whether in law or equity, because the Court lacks jurisdiction and therefore has no authority to grant Gulf South any relief.

38. Hershey reserves objections as to any further relief sought by Gulf South.

## Affirmative Defenses

39. This Court does not have subject matter jurisdiction because the face of the Certificate makes clear that Gulf South seeks to build natural gas infrastructure that falls within the scope of 15 U.S.C. § 717(c)'s "intrastate transactions" exemption.

40. If the Court does render a judgment or decree, Hershey requests that the Court only allow a taking of the quality and quantity of estate necessary to accomplish the public purpose set forth in the Complaint with respect to the rights sought by Gulf South. To this end, Hershey requests additional opportunity for discovery before any adjudication of his property rights and/or Gulf South's right to take his property.

<u>Jury Demand</u>

41. If the Court does not dismiss this case for lack of jurisdiction, Hershey demands a jury trial under FRCP 71.1(h)(1)(B) on all issues and respectfully asks the Court to empanel a jury under Texas state substantive law.

<u>Prayer</u>

J. Michael Hershey prays that this Court will dismiss this case for lack of jurisdiction. If this Court does not dismiss this case for lack of jurisdiction, then Hershey asks that a jury determine the issue of compensation and that he be awarded compensation for the value of his property taken and all damages to his remaining property as allowed under applicable law. Hershey also requests all other relief in law or equity to which he is entitled.

Respectfully submitted,

Irvine & Conner PLLC

 /s/ Kristen Schlemmer
Kristen Schlemmer
*Attorney in Charge*
SDTX No. 2078411; TBN 24075029
kristen@irvineconner.com
Charles W. Irvine
SDTX No. 675029; TBN 24055716
charles@irvineconner.com
Irvine & Conner, PLLC
4709 Austin Street
Houston, Texas 77004
713.533.1704

*Counsel for Defendants J. Michael Hershey and Jeffrey M. Hershey*

8.

<u>Certificate of Service</u>

On September 28, 2016, a true and correct copy of this document was served on the counsel below via CM/ECF.

 <u>/s/ Kristen Schlemmer</u>
Kristen Schlemmer

J. Robin Lindley (State Bar No. 12366100)
Andrew C. Wright (State Bar No. 24063077)
Buck Keenan LLP
2229 San Felipe, Suite 1000
Houston, Texas 77019
(713) 225-4500
(713) 225-3719 (fax)
lindley@buckkeenan.com
wright@buckkeenan.com

*Counsel for Gulf South Pipeline Company, LP*