United States District Court
Southern District of Texas
**ENTERED**
January 23, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GULF SOUTH PIPELINE COMPANY, LP, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:16-CV-2459 |
| | § | |
| MICHAEL J. HERSHEY, *et al*, | § | |
| | § | |
| Defendants. | § | |
| | § | |

### ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff Gulf South Pipeline Company, LP ("Gulf South"), has filed a Motion for Partial Summary Judgment confirming Gulf South's right to condemn easements in this action filed under the Natural Gas Act, 15 U.S.C. §§717 ("NGA"). (Doc. No. 30.) After reviewing the briefing, the exhibits, and hearing oral argument, the Court concludes that it should grant Plaintiff's motion for partial summary judgment.

On June 20, 2016, the Federal Energy Regulatory Commission ("FERC") granted Gulf South a Certificate of Public Convenience and Necessity, allowing Gulf South to construct a 66-mile natural gas pipeline through six Texas counties. (Doc. No. 31-7.) In granting this Certificate, FERC concluded that the pipeline would be used to transport natural gas in interstate commerce, subject to its jurisdiction. The route for this pipeline includes easements on the properties of Defendants Atkinson and Hershey. (Doc. No. 30 at 2.) The Hershey Defendants have withdrawn their objections to Gulf South's motion for summary judgment. But the Atkinson Defendants object to the motion, arguing that the Court does not have jurisdiction over the case unless Plaintiff shows that its pipeline project is interstate rather than intrastate. (Doc. No. 45 at 1.)

1

The Atkinson Defendants rest their argument on the Hinshaw Amendment to the Natural Gas Act (15 U.S.C. §717(c)), which states that some aspects of natural gas regulation are local concerns, not to be regulated by the Federal Energy Regulatory Commission. Specifically, the Hinshaw Amendment states that the NGA does not apply to "natural gas received by person[s]… from another person within or at the boundary of a State *if all the natural gas so received is ultimately consumed within such State*." (15 U.S.C.A. § 717(c) (emphasis added).) The Atkinson Defendants argue that the gas in Plaintiff's proposed pipeline will be received and consumed within Texas, and, as such, the pipeline is a local concern not governed by the NGA or federal law. In turn, Plaintiff asserts that the pipeline is a lateral extension of an interstate pipeline system, making it a part of the interstate system that falls under federal regulatory authority. (Doc. No. 30-1 at 10.) More importantly, Plaintiff urges that the Court cannot reach this matter, as Defendant Atkinson's argument is an impermissible collateral attack on FERC's jurisdictional determination. (Doc. No. 48 at 2.) The Court agrees with Plaintiff's argument.

The Natural Gas Act sets forth specific mechanisms for review of a FERC order granting a Certificate. These procedures require a challenge to be brought first to FERC itself, and then by direct appeal to a United States Court of Appeals. (15 U.S.C. 717r.) It is undisputed that FERC determined that Plaintiff's pipeline would be used to transport gas in interstate commerce. (Doc. No. 30 at 2.) It is also undisputed that the Atkinson Defendants did not appeal FERC's Certificate in this case. (*Id.*)

When Congress prescribes specific procedures for review of an administrative order, courts outside that framework lack jurisdiction to consider challenges to that order. *All. Pipeline L.P. v. 4.360 Acres of Land, More or Less, in S/2 of Section 29, Twp. 163 N., Range 85 W., Renville Cty., N.D.*, 746 F.3d 362, 365 (8th Cir. 2014) (citing *City of Tacoma v. Taxpayers of*

*Tacoma*, 357 U.S. 320, 336, 78 S.Ct. 1209, 2 L.Ed.2d 1345 (1958)). The Tenth Circuit Court of Appeals considered an argument similar to that made by the Atkinson Defendants and concluded that, beyond the review procedures specified in the Natural Gas Act, it did not have jurisdiction to question FERC's determination of its own jurisdiction. *Williams Nat. Gas Co. v. City of Oklahoma City*, 890 F.2d 255, 262 (10th Cir. 1989) ("a challenger may not collaterally attack the validity of a prior FERC order in a subsequent proceeding").

Therefore, the Court does not have jurisdiction to question FERC's determination of the interstate nature of Plaintiff's proposed pipeline. Accordingly, Plaintiff's motion for summary judgment is **GRANTED**.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on the 23rd of January, 2017.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

3